PAR-A-TEX OIL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13896. Promulgated September 25, 1928.

*Frank J. Albus, Esq.*, and *Homer K. Jones, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, and *E. L. Corbin, Esq.*, for the respondent.

SMITH: Although the petition in this proceeding was not filed with the Board within 60 days from the date of the mailing of the deficiency notice, the Board has jurisdiction under section 283(g) of the Revenue Act of 1926.

The deficiency determined by the respondent against the petitioner for the calendar year 1920 results solely from increasing the fair market value of 900 shares of the Western Producing & Drilling Co. received in part payment for the sale of property from $9,000 to $90,000. It is the contention of the respondent that the shares of stock received had a value of $90,000 and that the evidence does not prove the contrary. We think, however, that the evidence does prove the contrary. At the time that the contract of sale was carried out the trustees of the petitioner had been advised by Munson that he would not be bound by the agreement to pay dividends upon the 900 shares of stock of the Western Producing & Drilling Co. and to redeem it at its par value, and it was known that Kadane was not financially responsible. The evidence all goes to show that the realizable value of the stock at the date of its receipt by the petitioner was not in excess of $10 per share, the amount at which it was returned by the petitioner in making its income and profits-tax return for 1920. This issue must, therefore, be decided in favor of the petitioner.

The respondent contends that the petitioner should be held to be liable to income tax as an association for the year 1920 and that it erred in taxing it as a trust under section 219 of the Revenue Act of 1918.

The burden of proving that the petitioner is taxable as an association rather than as a trust rests upon the respondent. We have not before us the declaration of trust or much evidence as to how it conducted its operations. Section 704 (a) of the Revenue Act of 1928 provides:

If a taxpayer filed a return as a trust for any taxable year prior to the taxable year 1925 such taxpayer shall be taxable as a trust for such year and not as a corporation, if such taxpayer was considered to be taxable as a trust and not as a corporation either (1) under the regulations in force at the time the return was made or at the time of the termination of its existence, or (2) under any ruling of the Commissioner or any duly authorized officer of the Bureau of Internal Revenue applicable to any of such years, and interpretative of any provision of the Revenue Act of 1918, 1921, or 1924, which had not been reversed or revoked prior to the time the return was made, or under any such ruling made after the return was filed which had not been reversed or revoked prior to the time of the termination of the taxpayer's existence.

The respondent contends that this provision of law is not applicable to the petitioner, since the original return filed was on Form 1120; that the petitioner can not claim that it " filed a return

as a trust" for the taxable year 1920; that the Board has repeatedly held that a taxpayer's original return is the statutory return and that there is no authority for the making or accepting of an amended return. *National Refining Co. of Ohio*, 1 B. T. A. 236; *Mabel Elevator Co.*, 2 B. T. A. 517; *E. L. Harris*, 5 B. T. A. 1026. We think, however, that the language of section 704 (a) is broad enough to cover the case of this petitioner. The respondent accepted the second return in substitution for the first return and has determined tax liability of the petitioner upon the theory that it was a trust.

> *Judgment of no deficiency will be entered for the petitioner.*